## BIXBY v. MOOR & A.

The defendants kept a billiard saloon, and a bar for the sale of liquor. The liquor traffic was illegal. The plaintiff was employed by the defendants to work generally in and about the saloon; there was no special agreement that he should or should not sell liquor, or as to what particular duty he should do; but he was accustomed to work generally in and about the saloon, taking care of the room, building the fires, taking care of the billiard tables, tending at the bar, and waiting upon customers; in the absence of the defendants, he had the whole charge of the business. The plaintiff, at the time he entered into the service of the defendants, knew what business was carried on there. In assumpsit upon a *quantum meruit*,—*held*, that the plaintiff could not recover compensation for any portion of his services.

ASSUMPSIT, by Joseph C. Bixby against Moor & Gage, to recover pay for services rendered by the plaintiff for the defendants from October 1, 1861, to December 20, 1863. The following facts were agreed:

The defendants kept a billiard saloon, and bar for the sale of intoxicating liquor, in Lowell, Mass. The billiard saloon was licensed by the city authorities of Lowell, but the sale of liquor was illegal. The plaintiff was employed by the defendants to work generally in and about the saloon, but there was no special agreement that he should or should not sell liquor, or as to what particular duty he should do; but he was accustomed to work generally in and about the saloon, taking care of the room, building the fires, taking care of the billiard tables, tending at the bar, and waiting upon customers. He was accustomed to open the saloon in the morning, waiting upon the customers, and in the absence of the defendants had the whole charge of the business. The plaintiff, at the time he entered into the service of the defendants, knew what business was carried on there. The defendants contended, upon the foregoing facts, that the plaintiff was not entitled to recover. It was agreed that judgment should be ordered according to the opinion of the court upon the foregoing facts, reserving to either party the right to a trial by jury.

*G. Y. Sawyer & Sawyer, Jr.*, for the plaintiff.

I. Upon the facts stated, the court cannot find that there was a contract for the services of the plaintiff in an illegal employment, in whole or in part. The jury would not be warranted in so finding.

II. But if such contract should be found, this is not the case of an entire contract for the plaintiff's services at a stipulated price. The agreement is merely that implied in law—that the defendants should pay what the services were reasonably worth. If the services had been wholly rendered in a legal employment, the price to be paid could only

be ascertained by the verdict of a jury upon a *quantum meruit.* There is nothing in the agreement "mingling and binding together" the legal and illegal so that they cannot be separated. BELL, C. J., in *Crowell* v. *Hopkinton,* 45 N. H. 13. The mode by which the whole price must be determined, in case the entire contract was for a legal service,—to wit, by the verdict of a jury,—is here to be applied to determine what part of the services was rendered in the legal employment. The inquiry before the jury in this case would be, How much ought the plaintiff to recover for his services when lawfully employed? there being no agreement between the parties as to the price per day, or otherwise, "to mingle and bind together" the legal and illegal services. *Walker* v. *Lovell,* 28 N. H. 138; *Carleton* v. *Woods,* 28 N. H. 290.

*Morrison & Stanley,* for the defendants.

SMITH, J. The plaintiff would have been entitled to the reasonable worth of his entire services, if no part of them had been rendered in an illegal business. It must be conceded that he cannot recover for his services in the sale of liquor; but he claims that a portion of his services was rendered in a legal employment, and that he can recover the value of that portion. The defendants contend that no part of the services was rendered in a legal business, arguing that the keeping of the billiard tables was so far connected with and in furtherance of the liquor traffic, that it must be regarded as part and parcel of the same, falling under the same legal condemnation. Whether the latter position is well founded would seem to be a question of fact; but it need not be considered here, for we are of opinion that, even if part of the business was lawful, still the plaintiff cannot recover.

If the consideration for the defendants' promise, to pay the plaintiff a reasonable compensation, was the plaintiff's promise to perform both classes of services, the illegal as well as the legal, it is clear that the defendants' promise could not be enforced. A contract is invalid if any part of the consideration on either side is unlawful. See Metcalf on Contracts 216–219. What the mutual promises were is a question of fact. The parties do not appear to have fully expressed in language the precise nature of the various services to be performed by the plaintiff, nor to have made any verbal bargain as to the mode of payment. In such cases it is sometimes said that "the law implies an agreement" as to the matters omitted to be explicitly stated in the verbal bargain. Strictly speaking, this is inaccurate. The agreement, though not fully expressed in words, is, nevertheless, a genuine agreement of the parties; it is "implied" only in this, that it is to be inferred from the acts or conduct of the parties instead of from their spoken words; "the engagement is signified by conduct instead of words." But acts intended to lead to a certain inference may "express a promise as well as words would have done." The term "tacit contract," suggested by Mr. Austin, describes a genuine agreement of this nature

better than the phrase " an implied contract; " for the latter expression is sometimes used to designate legal obligations, which, in fact, are not contracts at all, but are considered so only by a legal fiction for the sake of the remedy.   See Austin on Jurisprudence, 3d ed., 1018, 946 ; Am. Law Review, vol. 5, pp. 11, 12 ; Metcalf on Contracts 5, 6, 9, 10, 163, 164 ; Edinburgh Review, American reprint, vol. 118, p. 239.

The questions arising in this case,—What services did the plaintiff agree to perform ? was it an entire contract ? were there separate contracts, upon separate considerations, as to the legal and the illegal services ?—are all questions of fact depending upon the mutual understanding of the parties ; and, if the nature of the agreed facts is such as to allow of a finding either way, it would be proper to submit the questions to a jury.   In the present case, however, there is room for but one conclusion, namely, that the agreement was that the plaintiff, at the defendants' request, should perform all the services which he did in fact perform, and that the defendants, in consideration of the promise to perform (and the performance of) all those services, the illegal as well as the legal, should pay the plaintiff the reasonable worth of the entire services.   In other words, the plaintiff made an entire promise to perform both classes of services ; this entire promise (and the performance thereof) formed an entire consideration for the defendants' promise to pay ; and a part of this indivisible consideration was illegal.   *Walker* v. *Lovell*, 28 N. H. 138, and *Carleton* v. *Woods*, 28 N. H. 290, cited by the plaintiff, are not in point.   In those cases the different articles sold were valued separately in the sale.   If the plaintiff had performed a class of services for each of which it is customary to pay a separate price (see, for instance, *Robinson* v. *Green*, 3 Metcalf 159), the nature of the various services so performed might afford ground for the conclusion that the parties contemplated a separate payment for each service rendered.   But it is not contended that it is customary to pay saloon-tenders separate prices for sweeping, for building fires, for acting as billiard-markers, and for selling liquor.

In accordance with the provisions of the agreed case, unless the plaintiff elects trial by jury, there must be

*Judgment for the defendants.*